## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNADETTE GUIDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1537-SS** |
| **GULF COAST TEACHING FAMILY SERVICES** | |

## ORDER

PLAINTIFF'S MOTION TO AMEND (Rec. doc. 11)

**GRANTED**

DEFENDANT'S MOTION TO DISMISS (Rec. doc. 4)

**GRANTED IN PART AND DENIED IN PART**

For the reasons described below: (1) the motion of the plaintiff, Bernadette Guidry ("Guidry"), to amend (Rec. doc. 11) is granted; and (2) the motion of the defendant, Gulf Coast Teaching Family Services, Inc. ("Gulf Coast"), for partial dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief is granted in part and denied in part.

## BACKGROUND

The parties consented to proceed before a Magistrate Judge. Rec. doc. 10. On August 2, 2011, Guidry, who is not represented by counsel, filed a petition in state court. Rec. doc. 1 (Exhibit 1). On May 31, 2012, Gulf Coast's exception of no cause of action was granted. Guidry was granted until June 15 to file an amended petition. Id. (Exhibit 3). Guidry filed her first amended petition. Id. (Exhibit 4). On June 18, 2012, Guidry's action was removed to federal court. Rec. doc. 1. Gulf Coast filed its motion to dismiss and an answer. Rec. docs. 4 and 6. Guidry filed a second

motion to amend.

## MOTION TO AMEND

The motion to amend was filed in response to Gulf Coast's motion to dismiss.[1] Guidry has submitted two amendments to her petition in response to defenses raised by Gulf Coast. Although *pro se* plaintiffs are entitled to some leniency, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 2541 n.46 (1975). Guidry's motion to amend will be granted. She will not be granted a further opportunity to amend.

## GUIDRY'S ALLEGATIONS AND CLAIMS

Guidry alleges that on July 19, 2010, she was wrongfully discharged by Gulf Coast. Rec. doc. 1. Rec. doc. 1 (Exhibit 1). In her first amended petition, she referred to claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and state law. She alleged that: (1) she suffered a family emergency and applied for FMLA leave; (2) she was required to return to work; (3) her request for a pay increase for the position of acting program director was denied; (4) because she sought the pay increase she was terminated when "her first incident as supervisor occurred;" (5) she was denied a promotion to program director; (6) a white female, who lacked her experience and qualifications was given the position; and (7) Gulf Coast's statements that she took excessive absences and undue vacation were false. Rec. doc. 1 (Exhibit 4).

In her second amended petition, she adds allegations that: (1) she received a right to sue

---

[1] Guidry describes it as "defendant's objections." Rec. doc. 11.

letter on May 3, 2011; (2) her state court filing was timely; (3) she filed an EEOC charge and therefore she is entitled to pursue a claim under Title VII; (4) the retaliation claim is related to the payment of employees for time sheets; (5) there was an intense campaign to terminate her; (6) Ms. Vidrine was white and younger than Guidry; and (7) Gulf Coast received notice of Guidry's claims of discrimination from the EEOC. Rec. doc. 2.

## GULF COAST'S MOTION TO DISMISS

Gulf Coast contends that the following claims should be dismissed: (1) Guidry's claim under Louisiana Civil Code Article 2315; (2) her retaliation claim under Title VII; (3) her termination claim under Title VII; and (4) her claims under La. Rev. Stat. Ann. § 23:301. It reports that such dismissal would leave Guidry with her FMLA retaliation claim and her failure to promote claim under Title VII.

1. Article 2315 Defamation Claim.

Guidry alleges that Gulf Coast's statements that she took excessive absences and undue vacation are false, they were made with knowledge and reckless disregard of their falsity, and they are a tort under Article 2315. Gulf Coast contends that Guidry fails to state a claim for relief because: she has not alleged: (1) malice by Gulf Coast; (2) defamatory remarks; (3) publication; and (4) damages. It also contends that in the employment context, there is a qualified privilege as to communications between appropriate persons within the employer's walls concerning conduct by the employee that bears on the employer's interest. Gulf Coast urges that Article 2315 does not provide a basis for a cause of action for employment discrimination.

In order to prevail on her Article 2315 defamation claim against Gulf Coast, Guidry bears the burden of affirmatively proving (1) a false and defamatory statement; (2) a non-privileged

3

publication to a third party; (3) negligence on the part of Gulf Coast; and (4) resulting injury. If even one of these required elements is found lacking, the cause of action fails. Nolan v. Jefferson Parish Hospital Service District, 90 So.3d 1178, 1181 (5th Cir. 2012). Guidry does not allege publication. Gulf Coast cited this deficiency in its motion to dismiss. Guidry's second amended complaint did not respond to this deficiency in her Article 2315 claim. Gulf Coast's motion to dismiss the Article 2315 defamation claim is granted.

2.  Title VII Retaliation Claim.

On November 22, 2010, Guidry completed a charge of discrimination based on race. She did not check the box marked retaliation. In the "particulars" box, she referred to: (1) the allegation that she functioned as acting program director but was not paid the base wage for the position; (2) a company policy requiring payment of the new base wage; (3) the absence of an explanation for not being paid the acting program director wage; (4) the allegation of discrimination based on race, African-American; (5) her qualifications for the position; and (6) Gulf Coast's decision to fill the position with Ms. Vidrine after Guidry's termination at an annual salary of $57,000. Guidry did not allege retaliation. Guidry's Title VII claim is limited by the EEOC charge. Kirk v. Federal Property Management Corp., 22 F.3d 135, 139 (7th Cir. 1994) ("allegations that are not included in an EEOC charge cannot be contained in a subsequent complaint filed in the district court").

Guidry responded in paragraph 23 of her second amended complaint,

> That the information was set forth in the EEOC sets forth the issue in the verbal claim made to EEOC which was also retaliation from her employer and is reasonable arising out of the charge. That the retaliation is based on the payment of the employees for time sheets where payments had to be made out of Gulf Coast budget and at that point the attitude of the supervisor changed and such nothing plaintiff said or did was correct.

Rec. doc. 11 (Attachment at 4). These allegations are not found in the EEOC charge. A "verbal"

4

claim to the EEOC is insufficient. Gulf Coast's motion to dismiss the Title VII retaliation claim is granted.

3. Title VII Termination Claim.

In paragraph 25 of the second amended petition, Guidry alleges:

> The plaintiff claims under unlawful termination was set forth in the EEOC claim sets forth her race as black that by reasonable assumption Ms. Vidrine was white and also younger than the plaintiff and could reasonably be said to arise of the EEOC claim.

Rec. doc. 11 (Attachment at 5). Gulf Coast argues that it is not clear from the first amended petition that Guidry asserts a claim for unlawful termination. The second amended petition clarifies that she asserts such a claim. Gulf Coast contends that such a claim does not reasonably arise out of the charge.

Guidry refers to her termination in the EEOC charge of discrimination. She also relates that Ms. Vidrine was given the position she sought. The statement in the charge is sufficient to conclude that the unlawful termination claim reasonably arises out the charge. Gulf Coast's motion to dismiss the Title VII termination claim is denied. Although Guidry now alleges that Ms. Vidrine is younger than she, she will not be permitted to stretch her claim into one for age discrimination.

4. La. Rev. Stat. Ann. § 23:301 Claims.

Gulf Coast raises two issues. The first is that Guidry did not provide the required written notice of her intent to file a state law claim under R.S. 23:301. In her second amended petition, Guidry alleges that her EEOC charge is sufficient notice. An EEOC charge satisfies the requirement for written notice under R.S. 23:301. Johnson v. Hospital Corp. of America, 767 F.Supp.2d 678, 700 (W.D. La. 2011) ("Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies this notice requirement. . . .").

5

Gulf Coast's second issue is that Louisiana law does not recognize a retaliation claim tied to race discrimination or FMLA. See Arnold v. Answer Group, Inc., 2008 WL 2699917 (W.D. La.). To the extent Guidry is asserting a retaliation claim under R.S. 23:301, Gulf Coast's motion to dismiss is granted.

IT IS ORDERED that: (1) Guidry's motion to amend (Rec. doc. 11) is GRANTED; (2) **within fourteen (14) days of the entry of this order**, Gulf Coast shall answer Guidry's second amended petition;[2] and (3) Gulf Coast's motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief (Rec. doc. 4) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 16th day of November, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[2] The Court will schedule a preliminary conference to select a date for trial.