UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNADETTE GUIDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1537-SS** |
| **GULF COAST TEACHING FAMILY SERVICES** | |

## ORDER AND REASONS

For the reasons described below the motion of the defendant, Gulf Coast Teaching Family Services, Inc. ("Gulf Coast"), for summary judgment (Rec. doc. 30) is granted.

## PROCEDURAL BACKGROUND

The parties consented to proceed before a Magistrate Judge. Rec. doc. 10. The plaintiff, Bernadette Guidry, is proceeding in proper person.

On June 18, 2012, Gulf Coast removed this action from state court to federal court. Rec. doc. 1. It filed a motion to dismiss and an answer. Rec. docs. 4 and 6. Ms. Guidry filed a motion to amend her complaint. Rec. doc. 11. The motion to amend was granted. Her Louisiana Civil Code Article 2315 defamation claim and Title VII retaliation claim were dismissed. To the extent she was asserting a retaliation claim under La. Rev. Stat. Ann. § 23:301, it was dismissed. Rec. doc. 12.

Ms. Guidry filed a second amended complaint. Rec. doc. 13. Gulf Coast filed an answer and a motion for partial summary judgment. Rec. docs. 14 and 17. Ms. Guidry's claims under La. R.S. 23:301, La. R.S. 23:967 and La. R.S. 51:2256 were dismissed. Rec. doc. 25.

On March 30, 2013, Gulf Coast moved for summary judgment on Ms. Guidry's remaining claims. Rec. doc. 30. Ms. Guidry submitted an opposition. Rec. doc. 35. Gulf Coast filed a reply.

Rec. doc. 34.

## FACTUAL BACKGROUND

Gulf Coast is a 501(c)(3) non-profit social service agency that provides services to those in need in the community, including care for those who are developmentally disabled, children at risk and the elderly.

Ms. Guidry was hired by Gulf Coast on or about March 19, 2001 to work in its Houma region (Dep. at 15).[1]  In 2009 she was the Assistant Program Director in the Agency's PCA and Waiver program (Dep. at 18).  Barbara Taylor was Ms. Guidry's immediate supervisor and Program Director (Exhibit 2).  The Regional Director over the Houma Region was Willie Green (Dep. at 18-19 and Exhibit 2).

Taylor went out on FMLA leave in December 2009 (Dep. at 17 and Exhibit 2).  Taylor's job duties were assumed by Green, Ms. Guidry and Brittney Vidrine (Exhibit 2).  Because of family related problems, Ms. Guidry took time off in February and FMLA leave in March (Dep. at 22-23).  During those absences, Green and Vidrine continued to perform the duties that had been divided up previously.

While Taylor was still on leave, Ms. Guidry submitted paperwork on March 15, 2010 for FMLA leave (Dep. at 22-23 and Exhibit 4).  Ms. Guidry needed time to care for her father.  She went out on leave on or about March 15, 2010 but returned to work on or about March 25, 2010 (Dep. at 22-23, 33, 37).

In early July 2010, Green learned that Ms. Guidry had refused to pay workers for certain

---

[1] All references to Exhibits are the exhibits submitted by Gulf Coast in support of its motion for summary judgment.  Rec. doc. 30.  The deposition of Ms. Guidry is Exhibit 1 to the motion.  Citations to pages in the deposition are "Dep. at __."

hours worked. He met with Ms. Guidry who admitted the allegation. As a result, she was given a written reprimand (Exhibit 5). In that meeting, Green asked Ms. Guidry if there were any other employees she had refused to pay, or not processed hours for, and Ms. Guidry said that there were none (Dep. at 65 and Exhibit 2).

Several days later, other employees stepped forward and complained (Exhibit 11). They indicated that Ms. Guidry made them cross out certain hours actually worked from their time sheets and had refused to pay them for those hours (Exhibits 11, 12, 16). Ms. Guidry was placed on administrative suspension so these new allegations could be investigated (Dep. at 68-69 and Exhibit 6). The allegations were confirmed. Ms. Guidry admitted during the investigation that she had failed to tell Green of the other incidents, and her employment was terminated on July 19, 2010 (Dep. at 70-72 and Exhibit 7).

## ARGUMENTS OF THE PARTIES

Gulf Coast contends that Ms. Guidry's state law tort claims are prescribed. It is uncontested that Ms. Guidry was terminated on July 19, 2010. Rec. doc. 1 (Petition at 1). She did not file suit until more than a year later on August 2, 2011. Id. (Petition at 4). Ms. Guidry has no objection to the contention that her state law tort claims are prescribed. Rec. doc. 35 at 1. The motion for summary judgment will be granted as to those claims.

Gulf Coast contends that Ms. Guidry has no claim for race discrimination under Title VII as to her termination or pay because: (1) she conceded that race was not a factor in the decision to terminate her (Dep. at 77 and 79-80); (2) she did not check the race discrimination box in her EEOC charge (Dep. at 84-85); (3) she was terminated for legitimate nondiscriminatory reasons; and (4) the facts do not demonstrate that Ms. Guidry was discriminated against because of race in reference to

pay while serving as acting Program Director. Ms. Guidry did not present any opposition to Gulf Coast's contention that she has no claim for race discrimination. Rec. doc. 35 at 1-2. The motion for summary judgment will be granted as to the Title VII claims.

Gulf Coast contends that: (1) Ms. Guidry is unable to state a FMLA interference claim because she cannot demonstrate that she was denied FMLA leave; and (2) she is unable to state a FMLA retaliation claim because her termination did not occur until four months after her return from FMLA leave and there was a legitimate nondiscriminatory reason for her termination. Ms. Guidry contends that the decision to terminate her was made due to her FMLA claim. Rec. doc. 45 at 2.

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56 provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wyatt v. Hunt Plywood, 297 F.3d 405, 409 (5th Cir. 2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. Celotex, 106 S.Ct. at 2553. If the moving party fails to meet this initial burden, the motion must be denied,

regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2553-54. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001).

This burden is not satisfied with "some metaphysical doubt as to the material facts," Matsushita, 106 S.Ct. at 1356. The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. Lujan v. National Wildlife Federation, 497 U.S. 871, 110 S.Ct. 3177, 3188 (1990). Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir.1993).

## ANALYSIS

In response to Gulf Coast's contention that Ms. Guidry is unable to state a FMLA interference claim, Ms. Guidry claims that during her leave she was continually called from the office. Rec. doc. 35 at 2. Ms. Guidry testified that she was on FLMA leave from March 15 through March 24. Dep. at 33. She testified that she was called by Green and Vidrine during this period while she was on FMLA leave. Absent some showing that the calls denied her the FMLA leave, the Court cannot conclude that Gulf Coast violated the Act on that ground. There is no genuine issue of material fact as to whether Gulf Coast denied or otherwise interfered with Ms. Guidry's right to leave under FMLA.

Gulf Coast contends that Ms. Guidry is unable to state a state FMLA retaliation claim because her termination did not occur until four months after her return from FMLA leave and there was a legitimate nondiscriminatory reason for her termination.  Ms. Guidry responds that because of her father's illness and the subsequent bereavement, the decision to fire her was clearly made due to her FLMA claim for leave.  She contends that Gulf Coast has not supplied material facts to prove that she is not entitled to pursue her FMLA retaliation claim.

Ms. Guidry has not presented any evidence to support her allegations.  She relies solely upon her pleadings and argument to dispute her deposition testimony and Gulf Coast's affidavits.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994).  Accordingly;

IT IS ORDERED that Gulf Coast's motion for summary judgment (Rec. doc. 30) is GRANTED.

New Orleans, Louisiana, this 22nd day of April, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**